UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** ED CV 19-1766-MWF (SHKx)                **Date:** December 3, 2019
**Title:**    Gustavo Soto v. Tech Packaging, Inc. et al.

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: MOTION TO REMAND [7]

Before the Court is Plaintiff Gustavo Soto's Motion to Remand (the "Motion") filed on October 16, 2019. (Docket No. 7). Defendant Tech Packaging, Inc. filed an Opposition on October 28, 2019. (Docket No. 8). Plaintiff did not file a Reply.

The Motion was noticed to be heard on November 18, 2019. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Motion is **DENIED**. Defendant plausibly establishes by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

## I.    BACKGROUND

On August 9, 2019, Plaintiff commenced this putative class action in the San Bernardino County Superior Court. (Complaint ("Compl.") (Docket No. 1-4)).

The Complaint contains the following allegations:

Plaintiff, a California resident, worked for Defendant as a non-exempt, hourly employee from September 2017 to July 2018. (Compl. ¶¶ 5, 18). Defendant is a corporation that is incorporated under the laws of Florida and maintains its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 19-1766-MWF (SHKx)            Date:  December 3, 2019
Title:      Gustavo Soto v. Tech Packaging, Inc. et al.

headquarters in Jacksonville, Florida.  (*See* Declaration of Allison Boever ("Boever Decl.") ¶ 3 (Docket No. 1-2)).

Plaintiff alleges that Defendant "engaged in a pattern and practice of wage abuse against [its] hourly-paid or non-exempt employees within the State of California," (Compl. ¶ 25), by failing to provide Plaintiff and the putative class with (1) minimum wages for all regular hours worked (*id*. ¶ 78); (2) compensation for all overtime hours worked (*id*. ¶ 53); (3) meal periods of at least thirty minutes for each five hour work period (*id*. ¶¶ 61, 62); (4) compensation for missed meal periods (*id*. ¶ 28); (5) rest periods of at least ten minutes for each four hour work period (*id*. ¶ 71); As(6) compensation for missed rest breaks (*id*. ¶ 19); (7) all wages owed upon employees' discharge or resignation (*id*. ¶ 84); (8) complete and accurate wage statements (*id*. ¶ 96); and (9) reimbursement for business-related expenses (*id*. ¶ 35).

Defendant is also alleged to have failed to maintain accurate and complete payroll records showing the hours worked and the wages paid to Plaintiff and the putative class under California law.  (*Id.* ¶ 103).

Based on the above allegations, Plaintiff asserts ten wage-and-hour-related claims against Defendant: (1) unpaid overtime wages; (2) unpaid meal period premiums; (3) unpaid rest period premiums; (4) unpaid minimum wages; (5) final wages not timely paid; (6) wages not timely paid during employment; (7) non-compliant wage statements; (8) failure to keep requisite payroll records; (9) unreimbursed business expenses; and (10) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*  (*Id.* ¶¶ 47-117).

In his complaint, Plaintiff proposes the following class:

All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgement and who reside in California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 19-1766-MWF (SHKx)                    Date:  December 3, 2019
Title:        Gustavo Soto v. Tech Packaging, Inc. et al.

(*Id.* ¶ 13)  On September 16, 2019, Defendant removed the action, invoking federal jurisdiction pursuant to CAFA.  (*See* Notice of Removal ("NoR") ¶ 7 (Docket No. 1)).

## II.  **LEGAL STANDARD**

Under CAFA, the Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" there is minimal diversity.  28 U.S.C. § 1332(d).

"Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  In a notice of removal, a defendant need only plausibly allege that these prerequisites are met.  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014).  Once confronted with a motion to remand, however, the removing defendant bears the burden of establishing jurisdiction by a preponderance of the evidence.  *Id*. at 553-54; *Ibarra*, 775 F.3d at 1197-98.

As relevant here, where a plaintiff moves to remand based upon the amount in controversy, both "parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment type evidence relevant to the amount in controversy at the time of removal.'"  *Ibarra*, 775 F.3d at 1199-1200. "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure."  *Id*. at 1198.  A removing defendant bears the burden of convincing the district court that the $5 million CAFA threshold is met, and the defendant's "assumptions cannot be pulled out of thin air but need some reasonable ground underlying them."  *Id*. at 1199.

## III.  **DISCUSSION**

The parties dispute the "amount in controversy" element of CAFA jurisdiction. In its notice of removal, Defendant initially asserted that the total amount in

**Case No.**  **ED CV 19-1766-MWF (SHKx)**          **Date:  December 3, 2019**

Title:      Gustavo Soto v. Tech Packaging, Inc. et al.

controversy was approximately $6,611,300.  (NoR ¶ 38).  In its Opposition, Defendant updates the figure and contends that the amount in controversy for CAFA jurisdiction is at least $7,562,275.  The Court may consider evidence contained in an opposition to a motion to remand.  *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (holding courts may treat oppositions to motions to remand as amendments to the removal notice).

Defendant's $7,562,275 estimate of amount in controversy is broken down as follows:

|  | Total Workdays | Workday Violation Rate | Average Effective Hourly Rate | Amount in Controversy |
|---|---|---|---|---|
| Missed Meal Break Premiums | 79,000 | 100% | $16.00 | $1,264,000 |
| Missed Rest Break Premiums | 79,000 | 100% | $16.00 | $1,264,000 |

(Opp. at 16-18).

**Case No.  ED CV 19-1766-MWF (SHKx)**              **Date:  December 3, 2019**
**Title:       Gustavo Soto v. Tech Packaging, Inc. et al.**

|  | Total Workdays | Off-the-Clock Hours Per Day Worked | Average Hourly Overtime Rate (Average Effective Hourly Rate [$16.00] x. 1.5) | Amount in Controversy |
|---|---|---|---|---|
| Overtime Premiums | 79,000 | 0.20 | $24.00 | $379,200 |

(Opp. at 16).

Defendant additionally contends that Plaintiff's minimum wage violation penalties total $1,281,700, wage statement violation penalties total $288,000, waiting time penalties total $606,720, unreimbursed business expenses total $965,700, payroll records violation penalties total $500, and potential attorneys' fees total $1,512,455. (*Id.* at 18-24).

The total of these premiums and penalties is **$7,562,275.**

A.     <u>**General Sufficiency of the Evidence**</u>

As a threshold matter, Plaintiff argues that Defendant has not provided "competent, summary-judgement-type evidence" and therefore the Court should disregard all of Defendant's derivative calculations. (Motion at 13). In response, Defendant argues that it has met its evidentiary burden of establishing the amount in controversy by providing declarations from its Director of Human Resources. (*See* Boever Decl. ¶ 1; *see also* Supplemental Declaration of Allison Boever ("Boever Supp. Decl.") ¶ 1 (Docket No. 8-2)). Defendant explains that the Declarations "provide sufficient and competent evidence regarding the putative class" based on Boever's "personal knowledge and her review of the pertinent business records." (Opp. at 6-7).

This type of declaratory evidence is regularly considered sufficient to satisfy a defendant's evidentiary burden. *See Huddleston v. John Christner Trucking, LLC*, No.

| Case No. | **ED CV 19-1766-MWF (SHKx)** | Date: | **December 3, 2019** |
| --- | --- | --- | --- |

Title:      Gustavo Soto v. Tech Packaging, Inc. et al.

17-cv-02081-RS, 2017 U.S. Dist. LEXIS 161642, at *2 n.2 (N.D. Cal. July 6, 2017) (finding declaration of custodian of records sufficient where custodian testified that he had "personal knowledge" and reviewed "pertinent records"); *Vasquez v. Blue Cross of Cal.*, No. CV-15-2055-MWF AGRX, 2015 WL 2084592, at *5 (C.D. Cal. May 5, 2015) ("Plaintiffs suggest that without providing account premium data or other specific values, Defendant cannot meet its burden.  This is not, however, the burden established by the *Ibarra* court.  Defendant has provided sufficient evidence to support its claim that the amount in controversy is met.").  Indeed, Defendant has "no obligation ... to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to Plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007).

Here, Boever provides that she has "personal knowledge of the facts stated [in her Declaration]" and that she has "reviewed pertinent records regarding Tech Packaging's non-exempt California employees . . . including but not limited to, records specifying the number of non-exempt employees employed in California during the relevant time period, their time records, and their hourly rates."  (Boever Supp. Decl. ¶¶ 1, 4).  Accordingly, the Court considers this evidence contained in the Boever Declarations.

## B.      Meal and Rest Break Premiums

California Labor Code section 226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period."  The penalty for violation of section 226.7(b) is "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."  Cal. Labor Code § 226.7(c).  "Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than thirty (30) minutes."  Cal. Code Regs. tit. 8, § 11140.  Further,

**Case No.  ED CV 19-1766-MWF (SHKx)**                    **Date:  December 3, 2019**
Title:        Gustavo Soto v. Tech Packaging, Inc. et al.

employers must provide rest breaks at the rate of ten minutes for every four hours—or major fraction thereof—worked.  *Id.*

Defendant may use reasonable assumptions in calculating the amount in controversy for purposes of removal.  *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469-SVW, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015).  Here, Defendant has calculated the meal break premium by counting the number of weeks its non-exempt employees in California worked during the class period alleged in the Complaint, and then multiplied this number by the average hourly rate of these employees, and further multiplied this figure by an assumed rate of 5 violations per work week.  (*Id.* at 16, 18).  In other words, Defendant found that there were 280 non-exempt employees in California during the alleged class period, and that collectively these employees worked at least 15,800 work weeks during this period at an average hourly rate of $16.00.  (*Id*; *see also* Boever Supp. Decl. ¶¶ 5, 6, 12).  Defendant estimates that these class members missed five meal breaks per work week, such that the meal break premiums totaled: 15,800 work weeks x $16.00/hour x 5 violations = $1,264,000.  (Opp. at 18).  For the rest break premium amount, Defendant applied the same methodology.  (*Id.*)  Therefore, according to Defendant, the missed meal and rest break premiums totals $2,528,000.  (*Id.*)

Defendant contends that this estimate is reasonable, as the Complaint alleges that Defendant "engaged in a pattern and practice of wage abuse" and that Defendant "failed to provide *all* requisite uninterrupted meal and rest periods to Plaintiff and the other class members," and that Defendant "failed to provide Plaintiff and the other class members *all* required rest and meal periods during the relevant time period."  (*Id.* at 17 (emphasis in original) (citing Compl. ¶¶ 25, 27, 38)).  Plaintiff has not directly provided an alternate estimate for what he believes to be a more reasonable assumption.

Based upon the Complaint's broadly worded allegations, the Court agrees with Defendant that one meal break and one rest break violation per workday is a reasonable assumption.  This Court and numerous other courts have found similar allegations supportive of a 100% violation rate assumption, *i.e.*, assuming a single

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 19-1766-MWF (SHKx)                    Date:  December 3, 2019
Title:        Gustavo Soto v. Tech Packaging, Inc. et al.

violation per work day.  *See, e.g.*, *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149-50 (C.D. Cal. 2010), *affirmed* 631 F.3d 1010 (9th Cir. 2011) (reasonable to assume one denied meal period per day per class member where complaint did not specify frequency but rather noted a consistent denial of rest/meal breaks); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) ("Plaintiff's FAC does not contain any allegations that suggest a 100% violation rate is an impermissible assumption.").

Accordingly, the Court calculates a total meal and rest break premium amount of $2,528,000.

## C.    Overtime Premiums

Defendant next argues that its assumption of "1 hour of unpaid overtime a week for each putative class member" is reasonable, (Opp. at 14-15), particularly because "Plaintiff averaged three and one-half (3.5) hours of overtime" each work week and Plaintiff alleges that his claims are typical of the putative class.  (Boever Supp. Decl. ¶ 10).  To further support its assumption, Defendant points to Plaintiff's allegations that Defendant "engaged in a pattern and practice of wage abuse" including requiring Plaintiff and the other class members to work "in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week" without overtime compensation.  (Opp. at 14 (citing Compl. ¶¶ 25, 52)).

As with Plaintiff's meal and rest break claims, Plaintiff again fails to provide an alternate estimate for what he believes to be a more reasonable assumption.  The Court concludes that Defendant's estimate of twelve (12) minutes per day, or one (1) hour per work week, is reasonable given the allegations in the Complaint that "[d]uring the relevant time period . . . Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked."  (Compl. ¶ 37); *see Mendoza v. Savage Servs. Corp.*, No. CV 19-122-RGK(MAAx), 2019 WL 1260629, at *2 (C.D. Cal. Mar. 19, 2019) ("When a 100% violation rate is not supported by a factual or evidentiary basis, courts in this district have found that a conservative 20% violation rate, or one hour of overtime pay per week, to be reasonable."); *Byrd v. Masonite Corp.*, No.

Case No.  **ED CV 19-1766-MWF (SHKx)**          Date:  December 3, 2019
Title:        Gustavo Soto v. Tech Packaging, Inc. et al.

EDCV 16-35-JGB (KKx), 2016 U.S. Dist. LEXIS 60078, at *16 (C.D. Cal. May 5, 2016) (finding allegations that defendant engaged in a "uniform policy/practice of wage abuse" and that "[a]t all material times" defendant failed to provide meal and rest breaks sufficient to support the assumption that each class member missed one meal period and one rest period per week).

Accordingly, the Court calculates an overtime premium amount of $379,200.

### D.    **Unpaid Minimum Wage Claims**

California Labor Code section 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon[.]" Plaintiff specifically alleges that "[d]uring the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked." (Compl. ¶ 39).  Similarly, Plaintiff alleges that the putative class "did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums" and did not receive "at least minimum wages for all hours worked." (*Id.* ¶¶ 30, 32).  Plaintiff seeks both damages and penalties for Defendant's alleged failure to pay minimum wages owed.  (*Id.* ¶¶ 79, 80).

In support of removal, Defendant assumes that employees were not paid at least one hour of unpaid minimum wages for each work week.  (Opp. at 19).  Defendant also assumes that employees were paid based on the minimum wage in California in 2016—which was set at $10.00 per hour—and does not rely on the $10.50 minimum wage in 2017 or the $11.00 minimum wage in 2018 for employers with 26 employees or more.  (*See* Declaration of Linh T. Hua ¶ 3 (Docket No. 8-1)).  Defendant further argues that because Plaintiff seeks liquidated damages on his minimum wage claim (*see* Compl. ¶ 81), the total amount of this claim should be doubled.  *See* Cal. Labor Code § 1194.2(a) ("[A]n employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.").  Thus, Defendant calculates the unpaid minimum wage amount in controversy as follows: 15,800 work weeks x $10.00 (lowest minimum wage rate during the relevant period) x

Case No.  ED CV 19-1766-MWF (SHKx)                Date:  December 3, 2019
Title:       Gustavo Soto v. Tech Packaging, Inc. et al.

2 (liquidated damages in the amount equal to the wages unlawfully unpaid) = $316,000.  (Opp. at 19).

Plaintiff submits no countervailing evidence, instead generally arguing that Defendant's calculations rely entirely on speculation and unsubstantiated figures.  (*See* Mot. at 6).

Plaintiff's argument is not persuasive.  In light of Plaintiff's broad allegation that Defendant "engaged in a pattern and practice of wage abuse" against Plaintiff and the putative class members, including "failing to pay them for all regular and/or overtime wages earned," the Court finds reasonable Defendant's assumption that the class members were not compensated for one hour of minimum wages per work week. (Compl. ¶ 25).  While Plaintiff disputes this estimate as unreasonable, the Court notes that other courts within the Ninth Circuit have accepted a rate of one violation per work week as an acceptable basis for calculating the amount in controversy.

For example, in *Arreola v. Finish Line*, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014), the plaintiff alleged in his complaint that the putative class members were forced "to work on a regular and consistent basis without receiving compensation for all hours worked at their regular rate or . . . at the applicable overtime rate[.]"  The *Arreola* court noted that "[w]here . . . the plaintiff pleads that an employer has a regular or consistent practice of violating employment laws that harmed each class member, such an allegation supports a defendant's assumption that every employee experienced at least one violation once per week."  *Id.*; *see also Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *7 (C.D. Cal. May 9, 2011) (allegation of "consistent overtime work" justified defendant's assumption that each class member was entitled to one hour of overtime per week); *see also Soto v. Grief Packaging, LLC*, 2018 WL 1224425, at *3 (C.D. Cal. Mar. 8, 2018) (finding allegation that defendant failed to pay plaintiff and class members minimum wage for all hours worked on a "consistent and regular basis" sufficient to support defendant's estimate of one hour per week per class member).

Based on this evidence, the Court concludes that $316,000 is a reasonable estimate for the damages portion of Plaintiff's unpaid minimum wage claims.  The

**Case No.  ED CV 19-1766-MWF (SHKx)**          **Date:  December 3, 2019**
Title:       Gustavo Soto v. Tech Packaging, Inc. et al.

Court determines that Defendant's assumption of using $10 per hour (2016 minimum wage in California) is reasonable—conservative, even—because it discounts the higher minimum wage rate the putative class members were likely paid during the relevant period.  The Court also agrees with Defendant that liquidated damages should be factored into the unpaid minimum wage claim.  *See Graham v. IFCO Systems N.A., Inc.*, 2017 WL 1243498, at *8 (C.D. Cal. Mar. 3, 2017) (considering liquidated damages as part of the amount in controversy); *see also Hernandez v. Nuco2 Management, LLC*, 2018 WL 933506, at *3 (E.D. Cal. Feb. 16, 2018) (same).

Additionally, Defendant estimates $965,700 for penalties incurred from its alleged failure to pay minimum wages.  Plaintiff alleges that he and other class members are entitled to recover "the unpaid balance of their minimum wage compensation[;]" "a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages."  (*Id.* ¶¶ 79-80).  In light of these allegations, Defendant assesses penalties due for unpaid minimum wages as follows: 92 (non-exempt California employees during applicable one-year period) x $100 (initial violation penalty) + (3,918 (wage statements issued during applicable one-year period) – 92 (initial wage statement for each non-exempt California employee during applicable one-year period)) x $250 (subsequent violation penalty) = $965,700.  (Opp. at 19-20; *see also* Boever Supp. Decl. ¶ 8).

The Court determines that Defendant's estimate of $965,700 for penalties is reasonable.  Because the Court has already determined that a 100% violation rate is appropriate under the broad allegations in the Complaint, the Court finds it reasonable to presume that the 92 putative class members are each due at least $100 for an initial unpaid minimum wage violation and $250 for each subsequent violation.

Accordingly, the Court calculates $1,281,700 in total unpaid minimum wages.

Case No.  ED CV 19-1766-MWF (SHKx)                Date:  December 3, 2019
Title:        Gustavo Soto v. Tech Packaging, Inc. et al.

###  E.        **Wage Statement Penalties**

In the Complaint, Plaintiff alleges that "[d]uring the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members."  (Compl. ¶ 42).

"An employee suffering injury as a result of a knowing and intentional failure by an employer" to provide accurate wage statements under section 226(a) "is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)."  Cal. Labor Code § 226(e)(1).  Claims for penalties under section 226 are subject to a one-year statute of limitations.  *See* Cal. Code Civ. Proc. § 340(a).

Here, Defendant assumes that all of the putative class members received inaccurate wage statements during the applicable one-year period, and calculates the amount in controversy by applying penalties.  (*See* NoR ¶ 34).  In her supplemental declaration, Boever states that "as of October 25, 2019, Tech Packaging currently employs at least 72 non-exempt employees in California."  (Boever Supp. Decl. ¶ 7).  Therefore, Defendant calculates the wage statement amount in controversy as follows: 72 (non-exempt California employees currently employed) x $4,000 (maximum penalty allowed) = $288,000.  (Opp. at 22-23).

Plaintiff disagrees and argues that Defendant cannot simply "assume[ a] maximum wage state penalty for each of the [] covered employees during the one-year period preceding the filing of Plaintiff's Complaint."  (Mot. at 18).  Plaintiff does not provide his own estimate of a reasonable violation rate.

The Court can only speculate that Defendant only applied the maximum penalty rate ($4,000) to all of its current non-exempt employees in California in an effort to be conservative; however, the Court notes that it is proper here to apply section 226(e)(1) penalties directly as the statute reads—$50.00 for the initial pay period, and $100.00 for each violation in a subsequent pay period within the one-year statute of limitations.

**Case No.** ED CV 19-1766-MWF (SHKx)          **Date:** December 3, 2019
**Title:**      Gustavo Soto v. Tech Packaging, Inc. et al.

Cal. Labor Code § 226(e)(1); *see Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1336
(E.D. Cal. 2015) ("[T]he court will interpret the language of section 226(e) according
to its plain meaning. Defendant faces a $50 penalty for each violation in an initial pay
period, and a $100 penalty per employee for each violation that occurs in a pay period
after the initial pay period."); *see also Vasquez v. Randstad US, L.P.*, 2018 WL
327451, at *6 (N.D. Cal. Jan. 9, 2018) ("Thus, penalties are correctly calculated at (1
workweek * $50) + (12 workweeks * $100) * (201 employees) . . . Defendants'
calculation is therefore reasonable."); *accord Franke v. Anderson Merchandisers LLC*,
2017 WL 3224656, at *5 (C.D. Cal. July 28, 2017) (applying $50 penalty for 267
initial pay periods and a $100 penalty for 4,479 subsequent pay periods).

        Therefore, the Court calculates the inaccurate wage statement amount in
controversy as follows: 92 (non-exempt California employees during applicable one-
year period) x $50.00 (initial violation penalty) + (3,918 (wage statements issued
during applicable one-year period) – 92 (initial wage statement for each non-exempt
California employee during applicable one-year period)) x $100.00 (subsequent
violation penalty) = $387,200. (*See* Boever Supp. Decl. ¶ 8). But because this
aggregate penalty exceeds $4,000 per employee for the relevant one-year time period,
the Court rules that Plaintiff's clam for penalties under section 226(e)(1) amounts to
$368,000, broken down as follows: 92 (non-exempt California employees during
applicable one-year period) x $4,000 (maximum penalty allowed) = $368,000. *See*
Cal. Labor Code § 226(e)(1).

        The Court also concludes that it is reasonable to assume a 100% violation rate
here. Plaintiff alleges that Defendant "failed to provide Plaintiff and the other class
members with complete and accurate wage statements [containing] the total number of
hours worked by Plaintiff and the other class members," and Defendant "engaged in a
pattern and practice of wage abuse . . . [including] failing to pay them for all regular
and/or overtime wages earned and for missed meal periods and rest breaks." (Compl.
¶¶ 25, 96). Indeed, this Court has previously found similar allegations supportive of a
100% violation rate. *See Lucas v. Michael Kors (USA), Inc.*, No. CV-18-1608-MWF
(MRWx), 2018 WL 2146403, at *9 (C.D. Cal. May 9, 2018) (holding 100% violation
rate reasonable where plaintiff alleged in her complaint "that at all relevant times"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 19-1766-MWF (SHKx)                    Date:  December 3, 2019
Title:        Gustavo Soto v. Tech Packaging, Inc. et al.

defendants maintained a "policy and practice of issuing [inaccurate] wage statements"); *see also Moppin v. Los Robles Reg'l Med. Ctr.*, No. EDCV151551JGBDTBX, 2015 WL 5618872, at *3 (C.D. Cal. Sept. 24, 2015) (holding that assumption of "a 100% violation rate of section 226 is supported by allegations in the Complaint" where plaintiff alleged that defendants "uniformly and systematically" failed to furnish accurate itemized wage statements "[a]t all times herein").  This is also consistent with other assumptions related to unpaid overtime, unpaid rest and meal breaks, and unpaid minimum wage.  It is therefore reasonable to assume that all wage statements would not accurately reflect Plaintiff and the class members' compensation.

Accordingly, the Court calculates wage statement penalties in the amount of $368,000.

### F.      <u>Waiting Time Penalties</u>

Plaintiff alleges in his Complaint that "[d]uring the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation," and that Plaintiff and the putative class members did not receive "all wags owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums." (Compl. ¶¶ 31, 40).  An employer's failure to timely pay wages owed pursuant to Labor Code sections 201 or 202 results in a penalty of the employee's wages for every day that it is late, up to a maximum of thirty (30) days' wages.  *See* Cal. Labor Code § 203.  Furthermore, the statute of limitations for a waiting time penalties claim under sections 201 and 202 is three years.  *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1404 (2010); *see also* Cal. Code Civ. Proc. § 338(a).

Here, Defendant assumes the full statutory maximum of 30 days for its waiting time penalties calculation.  (*See* NoR ¶ 36).  Defendant calculates the amount in controversy by multiplying the 30-day penalty period by the average hourly rate ($16.00), average hours worked per day (8), and the total number of terminated employees within the limitation period (158).  (Opp. at 21).  In her supplemental declaration, Boever states that "[u]pon further examination of the readily available

| Case No. | ED CV 19-1766-MWF (SHKx) | Date: | December 3, 2019 |
|---|---|---|---|
| Title: | Gustavo Soto v. Tech Packaging, Inc. et al. | | |

data, since August 9, 2016, a total of at least 158 non-exempt employees in California have separated from their employment with Tech Packaging." (Boever Supp. Decl. ¶ 9). Therefore, according to Defendant, Plaintiff's waiting time penalties claim puts at least $606,720 in controversy.

Plaintiff contends that Defendant has offered no support for its assumption that penalties accrued for the maximum time period allowed under the statute. (*See* Mot. at 19-20).

Here, Plaintiff alleges that Defendant willfully failed to pay all final wages due to employees at all relevant times. (Compl. ¶¶ 40, 84). Plaintiff further alleges that "Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law," and that "Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits." (Compl. ¶¶ 41, 45). Based on Plaintiff's allegations, the Court rules it reasonable for Defendant to assume that putative class members did not receive final wages for the full 30-day period under which penalties may accrue. *See Altamirano v. Shaw Industries, Inc.*, 2013 WL 2950600, at *12 (N.D. Cal. June 14, 2013) (based on the allegations, it is reasonable to assume that all terminated employees suffered one incident of underpayment and awarding penalties for 30-day period); *see also Long v. Destination Maternity Corp.*, 2016 WL 1604968, at *9 (S.D. Cal. Apr. 21, 2016) (finding that Defendant's assumption that final wages went unpaid for the full thirty days is reasonable where plaintiff alleges that defendant failed to pay final wages and still had not paid plaintiff all wages); *see also Franke*, at *4 (assuming 30–day period was reasonable).

Accordingly, the Court finds that Defendant's estimate of $606,720 for waiting time penalties is reasonable.

Because the Court determines that the threshold amount in controversy is met by Plaintiff's meal, rest, overtime, minimum wage, inaccurate wage statement, and waiting time claims (totaling $5,163.620), the Court need not address Plaintiff's unreimbursed business expenses and inaccurate payroll records claims or potential attorneys' fees.

| | |
|---|---|
| **Case No.** **ED CV 19-1766-MWF (SHKx)** | **Date:  December 3, 2019** |
| Title:     Gustavo Soto v. Tech Packaging, Inc. et al. | |

Accordingly, for the reasons set forth above, the Motion is **DENIED**.

This matter is set for scheduling conference on January 6, 2020 at 11:00 a.m. The parties are reminded of their obligations under Rule 26(a)(1) to disclose information (without awaiting a discovery request), and under Rule 26(f) to confer on a discovery plan not later than 21 days before the scheduling conference and to e-file a "Joint Rule 26(f) Report" with the Court not later than 14 days before the conference.

IT IS SO ORDERED.