Edwin Aiwazian (Cal. State Bar No. 232943)
*edwin@calljustice.com*
Arby Aiwazian (Cal. State Bar No. 269827)
*arby@calljustice.com*
Joanna Ghosh (Cal. State Bar No. 272479)
*joanna@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GUSTAVO SOTO, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

vs.

TECH PACKAGING, INC., an unknown business entity; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 5:19-cv-01766 MWF (SHKx)

Honorable Michael W. Fitzgerald
Department 5A

**CLASS ACTION**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Declaration of Proposed Class Counsel (Joanna Ghosh); Declaration of Proposed Class Representative (Gustavo Soto); and [Proposed] Order filed concurrently herewith]

Date: August 8, 2022
Time: 10:00 AM
Department: 5A

Complaint Filed: August 9, 2019
Jury Trial Date: None Set

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on ____________, at _________, or as soon thereafter as the matter may be heard before the Honorable Michael W. Fitzgerald in Courtroom 5A of the United States District Court for the Central District of California, Western Division, located at First Street Courthouse, 350 West First Street, Los Angeles, California 90012, Plaintiff Gustavo Soto ("Plaintiff") will and hereby does move for an order:

- Granting Plaintiff leave to file the [Proposed] First Amended Class Action Complaint for Damages and Enforcement under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. ("First Amended Complaint") which is attached as "**EXHIBIT 1**" to the [Proposed] Order Granting Preliminary Approval of Class Action Settlement ("Proposed Order"), filed concurrently herewith;
- Granting preliminary approval of the proposed class action settlement described herein and as set forth in the parties' Class Action and PAGA Settlement Agreement ("Settlement," "Agreement," or "Settlement Agreement"), attached as **"EXHIBIT 1**" to the Declaration of Joanna Ghosh in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, including the means of allocation and distribution of the Gross Settlement Amount and the Net Settlement Amount, and the allocations for Class Counsel Award, Class Representative Enhancement Award, LWDA Payment, and Settlement Administration Costs;
- Certifying the proposed Class for settlement purposes only;
- Preliminarily appointing Plaintiff Gustavo Soto as Class Representative;
- Preliminarily appointing Lawyers *for* Justice, PC as Class Counsel;
- Approving the proposed Notice of Pendency of Class Action Settlement ("Notice"), attached as "**EXHIBIT 2**" to the Proposed Order;

///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

- Appointing Phoenix Settlement Administrators ("Phoenix") as the Settlement Administrator to handle the notice and administration process for the Settlement and preliminarily approving Settlement Administration Costs;
- Directing Phoenix to mail the Notice to the proposed Class;
- Approving the proposed deadlines for the notice and administration process as reflected herein and in the Settlement Agreement; and
- Scheduling a hearing to consider final approval of the Settlement, at which time the Court will also consider whether to grant final approval of the requests for an award of Class Counsel Award, Class Representative Enhancement Award, and Settlement Administration Costs.

This motion is based upon the following memorandum of points and authorities; the Settlement Agreement; the Declaration of Proposed Class Counsel (Joanna Ghosh) and Proposed Class Representative (Gustavo Soto) in support thereof; as well as the pleadings and other records on file with the Court in this matter, and such evidence and oral argument as may be presented at the hearing on this motion.

Dated: July 1, 2022

**LAWYERS *for* JUSTICE, PC**

By: ______________________________
Joanna Ghosh
*Attorneys for* Plaintiff

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## TABLE OF CONTENTS

**I. SUMMARY OF MOTION** ........ 1

**II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND** ........ 2

**III. REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT** ........ 3

**IV. SUMMARY OF THE SETTLEMENT TERMS** ........ 3

A. The Class for Settlement Purposes ........ **3**

B. Essential Terms of the Settlement ........ **4**

C. Calculation of Individual Settlement Payments ........ **5**

D. Calculation of Individual PAGA Payments ........ **6**

E. Request for Exclusion and Objection Procedures ........ **6**

F. Scope of the Release ........ **7**

**V. THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT** ........ 8

**VI. THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED** ........ 9

A. The Settlement Resulted from Arm's Length Negotiations and Extensive Investigation and Discovery ........ **9**

B. The Settlement Is Fair, Reasonable, and Adequate ........ **11**

C. The Settlement Is of Significant Value and Within the Range of Approval ........ **13**

*1. The allocation for Class Representative Enhancement Award is reasonable.* ........ *13*

*2. The allocations for Class Counsel Award are reasonable.* ........ *15*

**VII. CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23** ........ 17

A. Numerosity ........ 17

B. Commonality ........ 17

C. Typicality ........ 18

D. Adequacy of Representation ........ 18

*1. Appointment of Class Representative.* ........ 19

*2. Appointment of Class Counsel.* ........ 19

E. Predominance and Superiority ........ 20

**VIII. ADEQUACY OF THE METHOD OF NOTICE........ 21**

**IX. APPOINTMENT OF PHOENIX SETTLEMENT ADMINISTRATORS AS THE ADMINISTRATOR** ........ 22

**XI. CONCLUSION** ........ 24

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

ii

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

Page(s)

**United States Supreme Court Cases**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ....................................18, 19

*Boeing v. Van Gemert*, 444 U.S. 472 (1980) ........................................................17

*Dukes v. Wal–Mart, Inc.*, 564 U.S. 338 (2011)......................................................21

*Elsen v. Carlisle & Jacqueline*, 417 U.S. 156 (1974)............................................25

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ..........................................................19

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) ....................................25

*Johnson v. California*, 543 U.S. 499 (2005) .........................................................21

**Federal Cases**

*Acosta v. Trans Union, LLC*, 243 F.R.D. 377 (C.D. Cal. 2007)............................... 9

*Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001)...................................17, 18

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245 (N.D. Cal. Mar. 19, 2015) .....13

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975) .................................................17

*Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970 (S.D. Cal. 2014) .......................................13

*Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004)..............................20

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992)............................. 8

*Clayton v. Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013) ......15

*Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516 (N.D. Cal. Mar. 6, 2014)..........................................................................................................13

*Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1123 (C.D. Cal. 2008) ...............15

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)....................................... 8

*Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011)................................................................................................ 9

*In re Agent Orange Prod. Liabiltiy Litig.*, 818 F.2d 226 (2d Cir. 1987) ....................15

*In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693 (W.D. Wash. 1992).....17

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)................14

*In re Hill*, 775 F.2d 1037 (9th Cir. 1985)...............................................................15

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

iii

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) .......................... 13, 18

*In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078 (N.D. Cal. 2007) .................. 8

*In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013) ................ 16

*In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014) .......... 13

*Knight v. Red Door Salons, Inc.*, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ............ 15

*Knisley v. Network Assocs.*, 312 F.3d 1123 (9th Cir. 2002) ..................................... 15

*Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480 (2016) ......................................... 14

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358 (S.D.N.Y. 2002) ................ 12

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008) ......................... 17

*Mendoza v. United States*, 623 F.2d 1338 (9th Cir. 1980) ....................................... 20

*Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468 (E.D. Cal. Mar. 4, 2010) ............... 9

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) .. 8

*Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) ........ 15

*Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124 (S.D. Cal. 1996) .... 20

*Singer v. Becton Dickinson and Co.*, 2010 WL 2196104 (S.D. Cal. June 1, 2010) .... 15

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990) ..... 15

*Staton v. Boeing*, 327 F.3d 938 (9th Cir. 2003) ................................................ 13, 15

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, (E.D. Cal. 2010) ................. 15

*Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, (N.D. Cal. Nov. 21, 2012) ........ 10

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) ......................... 14, 15, 16

*Welmer v. Syntex*, 117 F.R.D. 641 (N.D. Cal. 1987) .............................................. 18

*Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997) .................... 15

**State Cases**

*Amaral v. Cintas Corp. No. 2* 163 Cal.App.4th 1157 (2008) .................................... 22

*Arias v. Superior Court* 46 Cal.4th 969 (2009) ...................................................... 22

*Nordstrom Commissions Case* 186 Cal.App. 4th 576 (2010) .................................... 23

*Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224 (2001) ............................... 14

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

iv

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**State Statutes**

Cal. Lab. Code § 2699(e)(2) ........................................................22
Cal. Lab. Code § 2699(i) ........................................................22
Cal. Lab. Code § 2699(a) ........................................................21
Cal. Lab. Code § 2699(g) ........................................................21

**Rules**

Fed. R. Civ. P. 23(a) ........................................................16, 17
Fed. R. Civ. P. 23(a)(1) ........................................................16
Fed. R. Civ. P. 23(a)(4) ........................................................18
Fed. R. Civ. P. 23(b) ........................................................16
Fed. R. Civ. P. 23(b)(3) ........................................................18
Fed. R. Civ. P. 23(c)(2) ........................................................20
Fed. R. Civ. P. 23(c)(2)(B) ........................................................19, 20
Fed. R. Civ. P. 23(e) ........................................................ 8
Fed. R. Civ. P. 23(h) ........................................................14

**Other Authorities**

*Manual for Complex Litig., Fourth* § 21.132 ........................................................18

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

v
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. SUMMARY OF MOTION

Plaintiff Gustavo Soto ("Plaintiff") respectfully requests that this Court grant Plaintiff leave to file the [Proposed] First Amended Class Action Complaint for Damages and Enforcement under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. ("First Amended Complaint") and grant preliminary approval of the Class Action and PAGA Settlement Agreement ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiff, individually and on behalf of the proposed Class, and Defendant Tech Packaging, Inc. ("Defendant"). Subject to Court approval, Plaintiff and Defendant have agreed to settle this lawsuit for a Gross Settlement Amount of Eight Hundred Fifty Thousand Dollars ($850,000)[1] on a non-reversionary basis.

The parties reached the Settlement after engaging in significant formal and informal discovery, investigations, and arm's-length negotiations. The Settlement resulted from a formal mediation conducted by Jeffrey Krivis, Esq., a well-respected mediator who is experienced in wage-and-hour class actions. The Settlement satisfies the criteria for approval and falls within the range of possible approval under federal and California law. Additionally, the proposed Notice[2] provides the best notice practicable under the circumstances and will allow each Class Member a full and fair opportunity to evaluate the Settlement and decide whether to participate in it. Accordingly, Plaintiff moves the Court to grant preliminary approval of the Settlement and the allocations for Class Counsel Award, Class Representative Enhancement Award, and Settlement Administration Costs; conditionally certify the proposed Class for settlement purposes; direct distribution of the Notice; and set a

---

[1] A copy of the fully-executed Settlement Agreement is attached as "**EXHIBIT 1**" to the Declaration of Joanna Ghosh in Support of Plaintiff's Motion For Class Action Settlement ("Ghosh Decl."). Settlement Agreement, ¶ 12.

[2] The Notice of Pendency of Class Action Settlement (i.e., Notice) is attached as "Exhibit 2" to the Proposed Order, filed concurrently herewith.

Final Approval Hearing.

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Defendant is a multi-service packaging company. On August 9, 2019, Plaintiff filed the Class Action Complaint for Damages ("Complaint") against Defendant Tech Packaging, Inc. in the Superior Court of California for the County of San Bernardino, Case No. CIVDS1923663 (the "Complaint"). On September 16, 2019, the class action was removed to the United States District Court for the Central District of California (the "Court").

On October 16, 2019, Plaintiff filed a Motion to Remand pursuant to 28 U.S.C. § 1447 ("Motion to Remand"). On October 28, 2019, Defendant filed an opposition to Plaintiff's Motion to Remand. On December 5, 2016, Plaintiff filed a reply in support of his Motion to Remand. On November 13, 2019, the Court took Plaintiff's Motion to Remand off calendar and under submission. On December 3, 2019, the Court denied Plaintiff's Motion to Remand.

On January 6, 2020, the Court ordered the Parties to participate in private mediation.

Plaintiff's core allegations are that Defendant violated the California Labor Code and California Business and Professions Code by, *inter alia*, failing to properly pay minimum and overtime wages, failing to provide compliant meal and rest periods or pay associated premiums, failing to timely pay wages during employment and upon termination and associated waiting time penalties, failing to provide complaint wage statements, failing to maintain requisite payroll records, and failing to reimburse necessary business-related expenses. Plaintiff contends that Defendant's conduct constitutes unfair business practices and gives rise to penalties under PAGA. Plaintiff further alleges that Defendant's failure to properly pay all compensation due, arises from, *inter alia*, Defendant's practices and policies which required Class Members to work before clocking in for their shifts and after clocking out of their shifts. As a result, Plaintiff contends that he and the Class Members are entitled to, *inter alia*,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

unpaid wages, penalties (including and not limited to, penalties pursuant to PAGA), and attorneys' fees.

Defendant denies any liability of any kind associated with the claims and allegations, and further denies that Plaintiff or the Class Members are entitled to any relief. Defendant also denies that this case is appropriate for class or representative treatment for any purpose other than the Settlement. Defendant maintains, among other things, that it has complied with federal and California laws in all respects.

On April 9, 2021, the parties participated in a private mediation before Jeffrey Krivis, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. With the aid of the mediator's evaluations, the parties reached the Settlement to resolve the above-captioned action ("Action"). On April 23, 2021, the Parties filed a Joint Notice of Settlement and Stipulation Vacating Trial Deadlines.

## III. REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT

To effectuate the terms of the Settlement Agreement and intent of the parties, the parties agree that leave should be granted for Plaintiff to amend the Complaint, by filing the proposed First Amended Complaint. Settlement Agreement, ¶ 39. The First Amended Complaint will add a claim under the Private Attorneys General Act, California Labor Code § 2698, *et seq.* and details to the alleged claims regarding the facts and legal theories. As such, Plaintiff respectfully requests leave to file the First Amended Complaint so that the operative complaint in the Action formally fleshes out the allegations that have been investigated, litigated, mediated, and ultimately settled by the Parties and so that the terms of the Settlement may be effectuated.

## IV. SUMMARY OF THE SETTLEMENT TERMS

### A. The Class for Settlement Purposes

For settlement purposes only, the Parties agree to class action certification of the following Class (individually referred to as "Class Members") consisting of approximately 345 individuals:

///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

> All current and former non-exempt employees who worked for and received at least one (1) wage statement from Defendant in California during the time period from August 9, 2015 through April 9, 2021.

The period from August 9, 2015 to April 9, 2021 is the "Class Period."

As discussed in Section V, *infra*, conditional class certification is appropriate with respect to the Settlement.

**B. Essential Terms of the Settlement**

Defendant will pay a Gross Settlement Amount of Eight Hundred Fifty Thousand Dollars ($850,000) on a non-reversionary basis. Settlement Agreement, ¶ 12. The Net Settlement Amount means the amount remaining after deducting the following from the Gross Settlement Amount: (1) attorneys' fees of up to Two Hundred Eighty Thousand Five Hundred Dollars ($280,500) and reimbursement of litigation costs and expenses of up to Fifteen Thousand Dollars ($15,000) to Class Counsel ("Class Counsel Award"); (2) Class Representative Enhancement Award of up to Five Thousand Dollars ($5,000) to Plaintiff; (3) Eighty Thousand Dollars ($80,000) allocated for the resolution of the claim for violation of the Private Attorneys General Act of 2004 ("PAGA Allocation"); and (4) Settlement Administration Costs, which are currently estimated to be Ten Thousand Dollars ($10,000). *Id.*, ¶¶ 3, 7, 12, 16, 17, 20, & 33. Assuming the allocations towards these payments are awarded in full, the Net Settlement Amount that will be available to be allocated to Class Members who do not submit timely and valid Requests for Exclusion ("Settlement Class Members") is currently estimated to be at least Four Hundred Ninety-Nine Thousand Five Hundred Dollars ($499,500). *Ibid.* The entire Net Settlement Amount will be distributed to Settlement Class Members based upon their Workweeks (defined *infra*) and the entire PAGA Allocation will be distributed to the State of California and PAGA Employees, and no portion of the Gross Settlement Amount shall revert to Defendant. Settlement Agreement, ¶ 55.

///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**C. Calculation of Individual Settlement Payments**

The Settlement Administrator shall calculate each Class Member's estimated Individual Settlement Payment[3] (if he or she is eligible to receive payment thereof), as follows:

> After Preliminary Approval, Defendant will calculate the Workweeks for each Class Member, which will be included in the Class Information provided to the Settlement Administrator. The respective Workweeks for each Class Member will be divided by the total Workweeks for all Class Members, resulting in the Payment Ratio for each Class Member. Each Class Member's Payment Ratio is then multiplied by the Net Settlement Amount to determine his or her estimated Individual Settlement Payment. Settlement Agreement, ¶ 56.a.
>
> After Final Approval, The Settlement Administrator will determine the Workweeks for each Settlement Class Member. The respective Workweeks for each Settlement Class Member will be divided by the total Workweeks for all Settlement Class Members, resulting in the Payment Ratio for each Settlement Class Member. Each Settlement Class Member's Payment Ratio is then multiplied by the Net Settlement Amount to determine his or her Individual Settlement Payment. Settlement Agreement, ¶ 56.b.

Individual Settlement Payments shall be allocated as twenty percent (20%) wages; and eighty percent as penalties, interest, and other non-wage damages. *Id.*, ¶ 58. The wages portion will be reported on an IRS Form W-2, and the non-wage Portion will be reported on an IRS Form-1099. *Ibid.* The Individual Settlement Payments will be reduced by any required deductions for the employee-side deductions for the wages portion. *Ibid.* Employer-side payroll taxes, contributions, and withholdings with respect to the wages portion shall be paid in addition to the Gross Settlement Amount. *Ibid.*

///

///

[3] Individual Settlement Payments are the amount payable from the Net Settlement Amount to each Settlement Class Member. Settlement Agreement, ¶ 14.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**D. Calculation of Individual PAGA Payments**

The Settlement Administrator shall calculate each PAGA Employee's estimated Individual PAGA Payment[4] (if he or she is eligible to receive payment thereof), as follows:

> Defendant will calculate the Pay Periods worked by each PAGA Employee during the period from June 27, 2018 to April 9, 2021 ("PAGA Period")[5], which will be included in the Class Information provided to the Settlement Administrator. The respective Pay Periods for each PAGA Employee will be divided by the total Pay Periods for all PAGA Employees during the PAGA Period, resulting in the Payment Ratio for each PAGA Employee. Each PAGA Employee's Payment Ratio is then multiplied by Twenty-Five Percent (25%) of the PAGA Allocation to determine his or her Individual PAGA Payment. PAGA Employees are not eligible exclude themselves from this payment; all PAGA Employees will receive an Individual PAGA Payment for the proportionate value of at least one (1) pay period. Settlement Agreement, ¶ 57.a.

**E. Request for Exclusion and Objection Procedures**

Class Members who wish to be excluded from the Class Settlement must submit a timely and valid written Request for Exclusion. Settlement Agreement, ¶ 50. A Request for Exclusion must be submitted to the Settlement Administrator within thirty (30) calendar days from the initial mailing of the Notice ("Response Deadline") and must include: (1) the full name, address, telephone number, and the last four digits of the Social Security number and/or the Employee ID number of the Class Member requesting exclusion; (2) the signature of the Class Member requesting exclusion; (3) the case name and number of the Action; and (4) a clear statement of the Class Member's intent to request exclusion from the Class Settlement or words to that effect. *Ibid.*

///

[4] Individual PAGA Payments are the amount payable from the PAGA Employees' portion of the PAGA Allocation, i.e., payable from 25% of the PAGA Allocation to each PAGA Employee. Settlement Agreement, ¶ 15.

[5] See *Id.*, ¶ 22.

6

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Class Members who have not requested exclusion from the Class Settlement (i.e., Settlement Class Members) may object to the Class Settlement by submitting an Objection to the Settlement Administrator no later than the Response Deadline. The Objection must include: (1) the full name, address, telephone number, and the last four digits of the Social Security number and/or the Employee ID number of the objecting Settlement Class Member; (2) the signature of the objecting Settlement Class Member; (3) the case name and number of the Action; (4) the basis for the objection accompanied by legal support, if any, for such objection; and (5) copies of any papers, briefs, or other documents upon which the objection is based. *Id.*, ¶ 53.

**F. <u>Scope of the Release</u>**

The Released Claims that are the subject of the Settlement are:

> [A]ny and all known and unknown claims, losses, damages, liquidated damages, penalties, interest, liabilities, causes of action, civil complaints, arbitration demands or suits which arise from the facts asserted in the Action, including, without limitation to, all claims under the California Labor Code as alleged in the Action First Amended Complaint for violations of meal periods, rest breaks, unpaid overtime and minimum wages, timely payment of all wages, wage statements, waiting time penalties, failure to maintain records, unreimbursed business expenses, penalties under the Private Attorneys General Act (Cal. Lab. Code § 2698, et seq.), and violations of California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et seq.) or other remuneration whether sought under statute, tort, contract or as an unfair business practice. *Id.*, ¶ 27.[6]

As of the Effective Date[7] and full funding of the Gross Settlement Amount, Plaintiff and the Settlement Class Members, on behalf of themselves and each of their heirs, representatives, successors, assigns and attorneys, will release Defendant and the Released Parties from the Released Class Claims for the Class Period. The Released Class Claims are the Released Claims during the Class Period

[6] See Settlement Agreement, ¶ 30, for the definition of "Released Parties."
[7] See *Id.*, ¶ 11, for the definition of the "Effective Date."

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

that do not arise under the Private Attorneys General Act (Cal. Lab. Code § 2698, et seq.).[8]

As of the Effective Date and full funding of the Gross Settlement Amount, Plaintiff and the PAGA Employees, on behalf of themselves and each of their heirs, representatives, successors, assigns and attorneys, will release Defendant and the Released Parties from the Released PAGA Claims for the PAGA Period. The Released PAGA Claims are the Released Claims during the PAGA Period that arise under the Private Attorneys General Act (Cal. Lab. Code § 2698, et seq.).[9]

## V. THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT

Class action settlements require court approval. Fed. R. Civ. Proc. 23€. Although judicial policy favors settlement of class actions, *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992), the decision to approve or reject a settlement is within the trial court's discretion, and that decision may be reversed only upon a strong showing of "clear abuse of discretion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Class Plaintiffs*, 955 F.2d at 1276.

A settlement should be approved if it is "fundamentally fair, adequate, and reasonable." *Hanlon*, 150 F.3d at 1026; Fed. R. Civ. P. 23(e). In approving a class action settlement, Courts engage in a two-step process: (1) preliminary approval of the settlement; and (2) a later detailed review after notice is given to class members, to determine whether final approval is appropriate. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the preliminary approval stage, courts must approve a class action settlement "if it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust*

[8] See *Id.*, ¶ 28.
[9] See *Id.*, ¶ 29.

8

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

In evaluating the fairness of the class action settlement, courts should give "proper deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d at 1027. Courts need only ensure that the settlement is not a product of "fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Id*.

## VI. <u>THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED</u>

Preliminary approval is appropriate if the settlement is "potentially fair," *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007), and has no "glaring deficiencies" that would make it clear that a final approval hearing is not warranted. *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 478 (E.D. Cal. Mar. 4, 2010). As discussed below, the Settlement resulted from hard-fought litigation and extensive negotiations, and is fair and reasonable. Therefore, the Settlement should be preliminarily approved.

### A. <u>The Settlement Resulted from Arm's Length Negotiations and Extensive Investigation and Discovery</u>

An initial presumption of fairness exists "if the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted). Courts give great weight to such recommendation as class counsel is most familiar with the issues underlying the case. *Nat'l Rural*, 221 F.R.D. at 528.

Here, the parties actively litigated this case since it was commenced on August 9, 2019. Class Counsel conducted a thorough investigation into the facts and circumstances of the case and diligently investigated the allegations in this lawsuit. Ghosh Decl., ¶¶ 11-13. Class Counsel served formal written discovery requests and notices of deposition of Persons Most Knowledgeable designees (with accompanying requests for production of documents) on Defendant, and reviewed Defendant's responses to Plaintiff's written discovery requests. *Id.*, ¶ 12. Plaintiff and Class

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Counsel also prepared and provided Initial Disclosures to Defendant. Class Counsel reviewed a volume of documents and data obtained from Defendant, Plaintiff, and other sources, including and not limited to, Plaintiff's employment records, a detailed sampling of Class Members' time and pay records, class datapoints, acknowledgements (including, company policy acknowledgements, Missed Meal Period Acknowledgment, and Meal Break Attestation), internal memoranda and notifications, Defendant's operations and employment practices, procedures, and policies (including but not limited to Defendant's Attendance Policy, Working Hours and Schedule policy, Timekeeping Procedures, Overtime policy, General Requirements for Rest Periods and Meal Breaks, and California Rest and Meal Breaks Policy), and various agreements (including, *inter alia*, Mutual Arbitration Agreement and Meal Break Waiver Agreement), among other information and documents. *Id.*, ¶ 12. The parties exchanged information and documents formally and informally. *Id.*, ¶¶ 11-12. The parties also met and conferred on numerous occasions over issues relating to the pleadings, jurisdiction, motion practice, and discovery. *Id.*, ¶ 12.

The parties reached the Settlement after reviewing all available evidence, arm's-length bargaining, and participating in mediation conducted by Jeffrey Krivis, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. *Id.*, ¶ 11. During the mediation, the parties exchanged information and discussed various aspects of the case, including and not limited to, Plaintiff's claims, the risks and delays of further litigation and of proceeding with certification and/or representative adjudication, the law relating to off-the-clock theory, meal and rest periods, arbitration agreements, wage-and-hour enforcement, and PAGA representative claims, the evidence produced and analyzed, and the possibility of appeals, among other things. *Ibid.*

///

///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

During all settlement discussions, the parties conducted their negotiations at arm's length from an adversarial position. *Ibid.* Arriving at a settlement that was acceptable to both parties was not easy. With the aid of the mediator's evaluations, the parties agreed that this case was well-suited for settlement given the legal issues relating to the claims, as well as the costs and risks to both sides that would attend further litigation. *Id.*, ¶¶ 11 & 18. The Settlement takes into account the strengths and weaknesses of each side's position and the uncertainty of how the case might have concluded at certification, trial, and/or appeals. *Id.*, ¶¶ 10, 12, 18, & 21.

The Settlement is based on this large volume of facts, evidence, and investigation, and the parties' negotiations during the mediation.[10] While the parties disagree over the merits and certifiability of Plaintiff's claims, Plaintiff and Class Counsel agree that the Settlement is fair, reasonable, adequate, and in the best interest of the Class, State of California, and PAGA Employees, in light of all known facts and circumstances. *Id.*, ¶¶ 11, 13, & 21.

**B. <u>The Settlement Is Fair, Reasonable, and Adequate</u>**

The Gross Settlement Amount of Eight Hundred Fifty Thousand Dollars ($850,000.00) represents a fair, reasonable, and adequate resolution of this lawsuit. Under the Settlement, the entire Net Settlement Amount will be distributed to Settlement Class Members and is currently estimated to be at least Four Hundred Ninety-Nine Thousand Five Hundred Dollars ($499,500). Also, under the Settlement, the amount of Eighty Thousand Dollars ($80,000) is allocated to resolution of the PAGA claim, of which $60,000 will be distributed to the State of California's Labor and Workforce Development Agency (the LWDA Payment) and $20,000 will be distributed to PAGA Employees. The amount of the Settlement is reasonable

[10] *See Hanlon*, 150 F.3d at 1027 (affirming approval of settlement after finding "no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs' claims"); *see also Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (stating that participation in private mediation "tends to support the conclusion that the settlement process was not collusive").

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

considering the risks relating to certification, liability, and the ability to recover monetary relief on a class-wide or representative basis. *Id.*, ¶¶ 11, 13, 18, & 21. Additionally, the Settlement guarantees a certain monetary recovery to Settlement Class Members in a reasonably short period of time, as opposed to waiting additional years for the same, or possibly, no recovery.

The Settlement was calculated using data and information obtained through case investigation, Defendant's removal papers, and formal and informal exchange of information in advance of and/or in the context of mediation and settlement negotiations. *Id.*, ¶¶ 11 & 12. Prior to the mediation, Class Counsel conducted extensive investigation into the claims. *Id.*, ¶¶ 11, 12, 13, 16, & 18. The data and information obtained enabled Class Counsel to calculate the value of the claims and the monetary recovery that could potentially be obtained, and permitted a complete understanding of Defendant's employment policies, practices, and procedures. *Id.*, ¶¶ 12, 16, & 18. This information proved invaluable in negotiating a settlement amount that provides fair, adequate, and reasonable payment for the the resolution of the class and PAGA claims. *Id.*, ¶ 21.

The parties have also considered the potential risks and rewards inherent in any case and, in particular, with this case. *Id.*, ¶¶ 11, 17, 18, 19, 21. Prior to the mediation, Class Counsel performed extensive damages and valuation analysis based on class data and a sampling of documents provided by Defendant. *Id.*, ¶¶ 12 & 18. During the mediation, Defendant contended, among other things, that its policies and practices fully complied with California law. *Id.*, ¶¶ 11 & 18.

Plaintiff faces numerous risks in continued litigation, including and not limited to, the risk of receiving no recovery if a class is not certified and/or no liability is found and the Court determining that adjudication on a representative or class basis is unmanageable and not appropriate. *Id.*, ¶¶ 13, 17, 18, & 21. Plaintiff also faces the real possibility that the amount recovered against Defendant after years of litigation and a lengthy and costly trial is less than the amount negotiated in this Settlement.

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

12

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Ibid.*

Additionally, the Settlement is fair because it poses no risk of unequal treatment of any Class Member. Individual Settlement Payments will be calculated based upon each Class Member's Workweeks. Settlement Agreement, ¶ 56. Individual PAGA Payments will be calculated based upon the number of Pay Periods worked by each PAGA Employee. Settlement Agreement, ¶ 57.

There is no reason to doubt the fairness of the proposed plan of allocation of the settlement funds for purposes of preliminary approval. Even at the final approval stage: "an allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014); *see also Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002). Considering the facts in this case, the amount of the Settlement represents a fair, reasonable, and adequate recovery for the Class, State of California, and PAGA Employees. Ghosh Decl., ¶¶ 11, 13, 18 & 21.

**C. <u>The Settlement Is of Significant Value and Within the Range of Approval</u>**

The Gross Settlement Amount of Eight Hundred Fifty Thousand Dollars ($850,000.00) provides substantial monetary recovery to the Class Members, State of California, and PAGA Employees, and is fair, reasonable, and adequate in light of the value of the claims and the significant risks of continued litigation. Similarly, all of the other Settlement terms for which Plaintiff requests approval and/or preliminary approval fall within the range of reasonableness, as discussed below.

*1. The allocation for Class Representative Enhancement Award is reasonable.*

Subject to Court approval, Plaintiff will receive a Class Representative Enhancement Award of Five Thousand Dollars ($5,000.00). Settlement Agreement, ¶ 7. The Class Representative Enhancement Award will be paid in addition to

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Plaintiff's Individual Settlement Payment and Individual PAGA Payment. *Ibid.*

The trial court has discretion to award incentives to the class representatives.[11] Courts routinely approve incentive awards to class representatives for their time and efforts, and the risks they undertake on behalf of the class. *See, e.g.*, *Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003) (discussing cases approving incentive awards in the range of $2,000 to $25,000). "Incentive awards are particularly appropriate in wage-and-hour actions" because named plaintiffs bear "a significant reputational risk for bringing suit against their former employers." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) (quotation marks omitted).

Here, the contemplated Class Representative Enhancement Award is fair and appropriate and are well within the range of incentive payments awarded by district courts. *See id.*; *Angell v. City of Oakland*, 13 cv-00190 NC, 2015 WL 65501, at *8 (N.D. Cal. Jan. 5, 2015) (approving $9,000 incentive awards); *Covillo*, 2014 WL 954516, at *8 (approving an $8,000 incentive award).

Plaintiff spent considerable time and effort to produce relevant documents and past employment records and provide the facts and evidence necessary to support the allegations. Ghosh Decl., ¶ 12; Declaration of Gustavo Soto in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Soto Decl."), ¶¶ 2-6. Plaintiff was available whenever his counsel needed him and tried to obtain and provide documents and information that would facilitate the pursuit of the class and PAGA claims. Soto Decl., ¶¶ 3-4. Accordingly, it is appropriate and just for Plaintiff

---

[11] *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have considered the factors set forth in *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995): (1) the risk to the class representative in commencing a class action; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *See, e.g.*, *In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014); *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014).

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

14

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

to receive a reasonable enhancement payment for his services on behalf of the Class, State of California, and PAGA Employees.

*2. The allocations for Class Counsel Award are reasonable.*

The Settlement establishes a Gross Settlement Amount of Eight Hundred Fifty Thousand Dollars ($850,000.00) and provides for Class Counsel to apply for attorneys' fees in an amount of up to thirty-three percent (33%) of the Gross Settlement Amount. Settlement Agreement, ¶ 3. Class Counsel will bring an appropriate motion in advance of the Final Approval Hearing pursuant to Rule 23(h), and submit supporting evidence and documents.

Under California and Ninth Circuit precedent, a court has discretion to determine attorneys' fees using either the lodestar method or the percentage-of-the-fund method.[12] District courts may adjust the twenty-five percent (25%) benchmark (observed by the Ninth Circuit) upward or downward if "the percentage recovery would be either too small or large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Staton*, 327 F.3d at 968; *Vizcaino*, 290 F.3d at 1048. If a proposed class action settlement includes an award of attorneys' fees, courts must evaluate that fee award on a case-by-case basis in the overall context of the settlement, and an award above the twenty-five percent (25%) benchmark may be warranted.[13]

---

[12] It is appropriate to calculate and award attorneys' fees as a percentage of a monetary funds that has, by litigation, been preserved or recovered for the benefit of others. *Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480, 486 & 506 (2016); *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 253 (2001); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The percentage method is based on the amount of total recovery, as opposed to the total amount of claims made, and is well established in federal courts and the Ninth Circuit. *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980); *In re Hill*, 775 F.2d 1037 (9th Cir. 1985); *Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997); *In re Agent Orange Prod. Liabiltiy Litig.*, 818 F.2d 226, 232 (2d Cir. 1987).

[13] *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002); *Vizcaino*, 290 F.3d at 1048; *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

In California, attorneys' fees tend to be awarded above the twenty-five percent (25%) federal benchmark. *See Van Vranken*, 901 F.Supp. at 297 (holding that fee awards of 30-50% are more typical where the fund is less than $10 million); *Craft v. City. of San Bernardino*, 624 F.Supp.2d 1123, 1127 (C.D. Cal. 2008) (holding that attorneys' fees in cases where the fund is below $10 million are often more than 25%). Moreover, "awards in the Central District are in the 20% to 50% range." *Clayton v. Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013).[14]

The goal is to award "reasonable compensation for creating a common fund." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). In reviewing a fee award request, courts consider the following factors: (1) the results achieved; (2) whether there are benefits to the class beyond the immediate generation of a cash fund; (3) the risks of litigation; (4) the skill required of counsel and quality of the work performed; (5) the contingent nature of the fee and the foregoing by counsel of other work; and (6) the reactions of the class. *Vizcaino*, 290 F.3d at 1048-50; *In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013). Of these factors, the most significant factor is the "degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Here, the attorneys' fee award provided for by the Settlement is reasonable, particularly in light of the time and effort expended by Class Counsel. Class Counsel litigated this case for over two years, with the possibility of an unsuccessful outcome and no fee recovery of any kind. Ghosh Decl., ¶ 11. The ongoing work has been demanding and ultimately successful in achieving a substantial settlement. Given the

---

[14] Other districts usually award attorneys' fees in the 30-40% range in wage-and-hour class actions that result in recovery of a common fund under $10 million. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing recent wage-and-hour class actions where district courts approved attorneys' fee awards ranging from 30-33%); *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010) (approving attorneys' fees of one-third of the common fund and holding that the award was similar to awards in other wage-and-hour class actions where fees ranged from 30.3-40%); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) (recognizing that "fee awards in class actions average around one-third" of the settlement).

16

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

strengths and weaknesses of the claims and the risk and expense of further litigation, Class Counsel has achieved an excellent result in this lawsuit. Considering the amount of the fees to be requested, the work performed, and the risks incurred, the allocations for Class Counsel Award provided for by the Settlement are reasonable and should be awarded. *See Vizcaino*, 290 F.3d at 1051.

## VII. CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23

Class certification under Rule 23(a) is appropriate where the plaintiff demonstrates the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation), and one of the three requirements of Rule 23(b). *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). The proposed Class meets all of these requirements.

### A. Numerosity

A class is sufficiently numerous if it is "so large that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement." *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992).

The proposed Class consists of approximately 345 individuals. Ghosh Decl., ¶ 9. The proposed Class is sufficiently numerous, and joinder of all Class Members would be impractical. *See Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008), *rev'd on other grounds*, 666 F.581, 593 (9th Cir. 2012) ("As a general rule, classes of forty or more are considered sufficiently numerous.").

### B. Commonality

A settlement class has sufficient commonality "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). An affirmative showing of at least one common question of law or fact satisfies this requirement.[15]

[15] *Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011); *see also Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule.").

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Commonality has been found to exists when there is a common legal issue stemming from divergent factual predicates or a common nucleus of facts leading to different legal remedies. *Hanlon*, 150 F.3d at 1019.

Courts generally find commonality where "the lawsuit challenges a system-wide practice or policy that affects all of the putative class members[]" and divergent ways in which these practices affect individual Class Members, if any, do not undermine the finding of commonality.[16] Here, the Class Members seek remedies under California's wage-and-hour laws for violations arising from common, uniform, and systematic practices which applied to all Class Members during the Settlement Class Period. *See* e.g., Ghosh Decl., ¶¶ 16 & 18. Accordingly, the commonality requirement is satisfied for settlement purposes.

**C. Typicality**

The typicality requirement is satisfied where "the cause of the injury is the same," as here, and the injury claimed by the named plaintiffs are "similar" to that of unnamed class members. *Armstrong*, 275 F.3d at 868-69. They need not be "identical." *Id.* at 869. Here, Plaintiff's claims are typical of those of the Class Members, though some factual differences may exist among them, as the claims arise from the same events or course of conduct and are based upon the same legal theories. Given the structure of the Settlement, the proposed Class satisfies the typicality requirement for settlement purposes as Plaintiff's claims arise from the same factual basis and are based on the same legal theories as those applicable to all other Class Members. *Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

**D. Adequacy of Representation**

Rule 23(a)(4) requires that: (1) Class Representatives fairly and adequately protect the interests of the class, and (2) Class Counsel be qualified and competent to conduct the litigation. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir.

[16] *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005); *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976).

2000). The requirement "tends to merge with the commonality and typicality criteria of Rule 23(a)." [17] The inquiry turns on whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and "whether the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020.

*1. Appointment of Class Representative.*

Plaintiff meets the requirements under Federal Rule of Civil Procedure 23(a)(4), for appointment to represent the Class. Plaintiff's claims are typical of and align with those of Class Members, which are confined to a limited group of similarly-situated employees who worked for Defendant during the Class Period. Also, Plaintiff spent considerable time and effort to produce relevant documents and past employment records and provide the facts and evidence necessary to support the allegations. Ghosh Decl., ¶ 12; Soto Decl., ¶¶ 2-6. Plaintiff was available whenever his counsel needed him and tried to obtain and provide documents and information that would facilitate the pursuit of the class and PAGA claims. Soto Decl., ¶¶ 3-4. As such, Plaintiff has demonstrated that he has and will continue to fairly and adequately represent the Class, and appointment of Plaintiff as Class Representative is appropriate.

*2. Appointment of Class Counsel.*

Class Counsel meet the requirements under Federal Rule of Civil Procedure 23(g), for appointment to represent the Class. Class Counsel are highly experienced in employment class action and complex wage-and-hour litigation, having handled many cases before and having been appointed class counsel in many other cases. Ghosh Decl., ¶¶ 2-7. Class Counsel's experience in litigating similar matters was integral to obtaining the Settlement. Class Counsel conducted extensive research, investigation, and analysis of the potential value of the claims. Ghosh Decl., ¶¶ 11, &

[17] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *see also Manual for Complex Litig., Fourth Ed.* § 21.132 ("a settlement class must be cohesive").

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

19

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

18. Class Counsel have committed and continue to commit significant financial and staffing resources to the pursuit of the Action. As such, appointment of Lawyers *for* Justice, PC as Class Counsel is appropriate.

**E. Predominance and Superiority**

The proposed Class meets the requirements of Rule 23(b)(3) for settlement purposes because: (1) common questions predominate over questions that affect individual members and (2) class resolution is superior to other available means of adjudication. When assessing predominance and superiority, a court may consider that the proposed class will be certified for settlement purposes only. *See Amchem Prods.*, 521 U.S. at 618-20. Where the matter is being settled, a showing of manageability at trial is unnecessary. *Id.* at 620. At this stage, the relevant inquiry is "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 618-20, 623; *see also Hanlon*, 150 F.3d at 1022.

Here, the proposed Class is sufficiently cohesive to warrant certification. For settlement purposes, common questions of fact and law affecting Class Members predominate over any questions that may affect only individual members. For example, Defendant's alleged failure to properly pay their employees for all hours worked and provide compliant meal and rest periods are alleged to arise from Defendant's uniform policies, practices, and procedures. As such, the questions of fact and law relating to these issues predominate.

Moreover, a class resolution is superior to other available means for the fair and efficient adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023. The superiority requirement involves a "comparative evaluation of alternative mechanism of dispute resolution." *Id.* Here, the alternative method of resolution is individual claims, subject to proof, for relatively small amounts of damages, which would be uneconomical for potential plaintiffs. Therefore, a class resolution is superior to any other available methods.

///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## VIII. ADEQUACY OF THE METHOD OF NOTICE

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025. A class notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). A class notice is adequate if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The notice must also be "neutral and objective in tone and should neither promote nor discourage the assertion of claims." *Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996).

Here, the proposed Notice provides the best notice practicable and is adequate. It provides information on, *inter alia*, the nature of the Action, the definition of the Class, the terms of the Settlement, the scope of the Released Claims, the binding effect of the Settlement, and the allocations for Class Counsel Award, Class Representative Enhancement Award, PAGA Allocation, and Settlement Administration Costs. Each Class Member's Notice will state his or her number of Workweeks, estimated Individual Settlement Payment, and estimated Individual PAGA Payment (if applicable). The Notice summarizes the proceedings and provides the date, time, and place of the Final Approval Hearing, and all of this information is "clearly and concisely state[d] in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B).

All Class Members can and will be identified by Defendant through a review of its records. After receiving the Class Information from Defendant, the Settlement Administrator will update the addresses using the U.S. Postal Service's National Change of Address Database and mail a Notice to each Class Member. Settlement Agreement, ¶ 46.a.[18] Accordingly, the proposed Notice is adequate and is the best

[18] *See Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) (Individual notice

*(Footnote continued)*

21

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

notice practicable under Rule 23(c)(2)(B).

The Notice also fulfills the requirement of neutrality in class notices. The Notice provides a brief, neutral explanation of the case from the perspective of both parties and recognizes that the Court has not yet granted final approval of the Settlement.[19] The Notice sets forth in an accurate and informative manner the procedures and deadlines governing the submission of Requests for Exclusion, Notices of Objection, and Disputes Regarding Workweeks. The proposed Notice satisfies all due process requirements and complies with the standards of fairness, completeness, and neutrality. Accordingly, the Court should approve the proposed Notice.

## IX. APPOINTMENT OF PHOENIX SETTLEMENT ADMINISTRATORS AS THE ADMINISTRATOR

The parties have selected Phoenix Settlement Administrators ("Phoenix") as the Settlement Administrator to handle the notice and administration of the Settlement. Phoenix will mail a Notice to each Class Member; receive, review, and process Requests for Exclusion, Notices of Objection, and Disputes Regarding Workweeks; calculate estimated Individual Settlement Payments and Individual PAGA Payments; withhold applicable taxes and withholdings; prepare and transmit necessary tax documentation and filings; and transmit all required payments. Settlement Agreement, ¶ 66. Phoenix will also handle inquiries from Class Members regarding the Settlement and perform any other usual and customary duties for administering a class action settlement.

///

///

by mail "is clearly the 'best notice practicable' within the meaning of Rule 23(c)(2)" where "all class members [] can be identified with reasonable effort").

[19] *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("[C]ourts must be scrupulous to respect judicial neutrality" in overseeing the class action notice process and "avoid even the appearance of judicial endorsement of the merits of the action[.]").

22

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Settlement Administration Costs are currently estimated to be Ten Thousand Dollars ($10,000) and will be paid out of the Gross Settlement Amount subject to approval by the Court. Plaintiff respectfully requests that the Court appoint Phoenix as the Settlement Administrator and direct distribution of the Notice in the manner and in accordance with the proposed schedule, set forth in the Settlement Agreement and discussed in Section VIII, *infra*.

## X. DEADLINES FOR NOTICE AND ADMINISTRATION

The Court is respectfully requested to approve the proposed deadlines for the notice and settlement administration process. Within thirty (30) calendar days following preliminary approval of the Settlement, Defendant will provide Phoenix with a list of the following information for each Class Member: each Class Member's full name; last known address; last known home telephone number; Social Security Number; start date of employment; end date of employment; Workweeks during the Class Period and Pay Periods during the PAGA Period; and any other relevant information needed to calculate Individual Settlement Payments and Individual PAGA Payments ("Class Information"). Settlement Agreement, ¶¶ 4 & 46. Within fourteen (14) calendar days of receipt of the Class Information, Phoenix will send a Notice to each Class Member. *Id.*, ¶ 46.a. Prior to mailing the Notices, Phoenix will perform a search based on the U.S. Postal Service's National Change of Address Database to update and correct any known or identifiable address changes for Class Members. *Ibid*. If a Notice is returned as undeliverable on or before the Response Deadline, without a forwarding address, Phoenix will perform any a skip-trace search to locate an updated mailing address and will perform a re-mailing if another mailing address is identified by the Settlement Administrator. *Id.*, ¶ 46.b. If a Notice is returned as undeliverable on or before the Response Deadline, with a forwarding address, Phoenix will re-mail the Notice to the forwarding address. *Id.*, ¶ 46.b.

///

///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

23

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Requests for Exclusion, Notices of Objection, and Disputes Regarding Workweeks must be mailed to Phoenix, postmarked by the applicable Response Deadline. *Id.*, ¶ 31.

All settlement checks issued to Settlement Class Members and PAGA Employees will remain valid and negotiable for one hundred eighty (180) calendar days from the date of their issuance and shall thereafter be cancelled. *Id.*, ¶ 59. Thereafter, the checks will be cancelled and funds that remain will be transmitted by the Settlement Administrator to Los Angeles Legal Aid Foundation as a *cy pres* payment. *Id*, ¶ 60.

## XI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the First Amended Complaint; grant preliminary approval of the Settlement; certify the proposed Class for settlement purposes; appoint Lawyers *for* Justice, PC as Class Counsel; preliminarily approve the allocations for Class Counsel Award, Class Representative Enhancement Award, LWDA Payment, and Settlement Administration Costs; appoint Plaintiff as Class Representative; appoint Phoenix Settlement Administrators as Settlement Administrator; approve and direct the mailing of the Notice to the Class; and schedule a Final Approval Hearing in approximately 120 days.

Dated: July 1, 2022

**LAWYERS *for* JUSTICE, PC**

By: ______________________________
Joanna Ghosh
*Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203