UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 19-1766-MWF (SHKx) | **Date:** August 8, 2022 |
| **Title:** | Gustavo Soto v. Tech Packaging, Inc. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [32]

Before the Court is Class Plaintiff Gustavo Soto's Motion for Preliminary Approval of Class Action Settlement (the "Motion"), filed on July 1, 2022. (Docket No. 32). No oppositions were filed.

The Motion was noticed to be heard on **August 8**, **2022**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing was also consistent with General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

"Approval of a class action settlement requires a two-step process – a preliminary approval followed by a later final approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016). The standard of review differs at each stage. At the preliminary approval stage, the Court need only "evaluate the terms of the settlement to determine whether they are within a range of possible judicial approval." *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009).

"[P]reliminary approval of a settlement has both a procedural and a substantive component." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). Procedurally, the Ninth Circuit emphasizes that the parties should have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 19-1766-MWF (SHKx) | **Date:** August 8, 2022 |
| **Title:** Gustavo Soto v. Tech Packaging, Inc. | |

engaged in an adversarial process to arrive at the settlement. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution, and have never prescribed a particular formula by which that outcome must be tested") (citations omitted). "A presumption of correctness is said to attach to a class settlement reached in arm's-length negotiations between experienced capable counsel after meaningful discovery." *Spann*, 314 F.R.D. at 324 (quoting *In re Heritage Bond Litig.*, 2005 WL 1594403, *9 (C.D. Cal. June 10, 2005)).

Substantively, the Court should look to "whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys." *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 666 (E.D. Cal. 2008) (quoting *West v. Circle K Stores, Inc.*, No. 04-cv-0438-WBS, 2006 WL 1652598, at *11 (E.D. Cal. June 13, 2006)).

As set forth more fully in the Proposed Order accompanying the Motion, the proposed settlement appears to be procedurally fair as well as reasonable to the proposed class members. (Docket No. 32-2).

Counsel indicate that the settlement provides for class counsel to apply for attorneys' fees in an amount of up to 33% of the settlement fund, which exceeds the Ninth Circuit's 25% "benchmark" for attorneys' fees in class actions. Counsel should be prepared to justify any departure from the Ninth Circuit's 25% benchmark at the final settlement conference, particularly given that 33% appears unlikely to be justified here.

The Court further finds that the proposed settlement sets forth a fairly detailed notice and opt-out regime. The Court concludes that the proposed class notice satisfies the requirements set forth in Rule 23(c)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 19-1766-MWF (SHKx) | **Date:**  August 8, 2022 |
| **Title:**  Gustavo Soto v. Tech Packaging, Inc. | |

For the reasons discussed above, the Motion is **GRANTED** insofar as the proposed settlement agreement is preliminarily **APPROVED** and the notice and plan of dissemination are **APPROVED**.

The Final Approval Hearing is scheduled for **November 21, 2022 at 10:00 a.m.**

IT IS SO ORDERED.