JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO SOTO, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>Plaintiff,<br><br>vs.<br><br>TECH PACKAGING, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:19-cv-01766 MWF (SHKx)<br><br>Honorable Michael W. Fitzgerald<br>Department 5A<br><br>**CLASS ACTION**<br><br>**JUDGMENT APPROVING FINAL SETTLEMENT AND ORDER AWARDING ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT AWARD**<br><br>Date:          December 12, 2022<br>Time:          10:00 a.m.<br>Department:  5A<br><br>Complaint Filed:  August 9, 2019<br>FAC Filed:         August 8, 2022<br>Trial Date:        None Set |

**FINAL APPROVAL ORDER AND JUDGMENT**

Before this Court Plaintiff Gustavo Soto's Motion for Final Approval of Class Action Settlement and Class Representative Enhancement Award ("Motion for Final Approval") and Plaintiff's Motion for Class Counsel Award and Class Representative Enhancement Award. (Docket Nos. 38, 39).

On August 8, 2022, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (Docket No. 37) ("Preliminary Approval Order"), and thereby preliminarily approved the settlement of the above-entitled action ("Action") in accordance with the Class Action and PAGA Settlement Agreement ("Agreement" or "Settlement Agreement") entered into by and between Plaintiff and Defendant Tech Packaging, Inc. ("Defendant"), which, together with the exhibits annexed thereto set forth the terms and conditions for settlement of the Action ("Settlement").

Having reviewed the Settlement Agreement and duly considered the parties' papers, and good cause appearing,

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement and the Preliminary Approval Order.

2. This Court has jurisdiction over the claims of the Class Members and PAGA Employees asserted in this proceeding and over all parties to the Action.

3. With respect to the Class and for purposes of approving this Settlement only, this Court finds that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the Action; (c) the claims of Plaintiff are typical of the claims of the members of the Class; (d) a class action is superior to other available methods for an efficient adjudication of this controversy; and (e) the counsel of record for

Plaintiff, Lawyers *for* Justice, PC, is qualified to serve as counsel for the Class. The Class is hereby defined to include:

> All current and former non-exempt employees who worked for and received at least one (1) wage statement from Defendant in California during the time period from August 9, 2015, through April 9, 2021.

4. The Court confirms Edwin Aiwazian, Arby Aiwazian, and Joanna Ghosh of Lawyers *for* Justice, PC as counsel for the Class ("Class Counsel"), and Plaintiff Gustavo Soto as representative of the Class ("Class Representative").

5. The Notice of Pendency of Class Action Settlement ("Notice") that was provided to the Class Members, fully and accurately informed the Class Members of all material elements of the Settlement and of their opportunity to participate in, object to or comment thereon, or to seek exclusion from, the Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process and other applicable law. The Notice fairly and adequately described the Settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

6. The Court hereby grants final approval to the Settlement and finds that it is reasonable and adequate, and in the best interests of the Class as a whole. More specifically, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arms-length negotiations between the parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of Plaintiff's claims; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in the Settlement; the extent of

investigation and discovery completed; and the experience and views of Class Counsel.  The Court has further considered the absence of any objections to and requests for exclusion from the Settlement submitted by Class Members.  Accordingly, the Court hereby directs that the Settlement be affected in accordance with the Settlement Agreement and the following terms and conditions.

7. The Court finds that a full opportunity has been afforded to Class Members to make objections to the Settlement and a full opportunity has been afforded to Class Members to participate in the Final Approval Hearing.  All Class Members and other persons wishing to be heard have been heard.  The Court also finds that Class Members also have had a full and fair opportunity to exclude themselves from the Settlement.

8. The Court determines that all Class Members who did not submit a timely and valid Request for Exclusion to the Settlement Administrator ("Settlement Class Members") are bound by the Settlement and by this Final Approval Order and Judgment.

9. The Court finds that payment of Settlement Administration Fees and Costs in the amount of $7,500.00 is appropriate for the services performed and costs incurred and to be incurred for the notice and settlement administration process.  It is hereby ordered that the Settlement Administrator, Phoenix Settlement Administrators, shall issue payment to itself in the amount of $7,500.00, in accordance with the Settlement Agreement.

10. The Court finds that the allocations of $80,000.00 toward penalties under the Private Attorneys General Act, California Labor Code section 2698, *et seq.* ("PAGA Allocation"), is fair, reasonable, and appropriate, and hereby approved.  The Settlement Administrator shall distribute the PAGA Allocation as follows: the amount of $60,000.00 to the California Labor and Workforce Development Agency, and the amount of $20,000.00 to be distributed to PAGA

Employees on a *pro-rata* basis based on their Pay Periods during the PAGA Period, according to the terms set forth in the Settlement Agreement.

11. The Court hereby awards $246,500.00 in attorneys' fees and $10.639.74 in costs to Plaintiff's counsel.

12. The Court finds that the Class Representative Enhancement Award sought is fair and reasonable for the work performed by Plaintiff on behalf of the Class Members. It is hereby ordered that the Settlement Administrator issue payment in the amount of $5,000.00 to Plaintiff Gustavo Soto for his Class Representative Enhancement Award, according to the terms set forth in the Settlement Agreement.

13. Taking into account the above referenced payment amounts, the monetary break down of the Settlement is as follows:

    a. The Gross Settlement Amount is $850,000.00.

        i. Class Counsel Award to Class Counsel in the amount of $257,139.74 (which is $246,500.00 in attorneys' fees and $10,639.74 in reimbursement of litigation costs and expenses);

        ii. Class Representative Enhancement Award to Plaintiff in the amount of $5,000.00;

        iii. PAGA Allocation in the amount of $80,000.00 allocated toward penalties under the Private Attorney General Act (of which seventy-five percent (75%), or $60,000.00 will be paid to the California Labor and Workforce Development Agency, and twenty-five percent (25%) or $20,000.00 will be distributed to the PAGA employees; and

          iv.  Settlement Administration Costs to Phoenix Settlement Administrators in the amount of $7,500.00.

    b.  The Net Settlement Amount in the amount of $500,360.26 will be fully distributed to the Settlement Class Members as Individual Settlement Payments, in accordance with the terms set forth in the Settlement Agreement.

14.    The Court hereby enters Judgment by which as of the Effective Date and full funding of the Gross Settlement Amount, Settlement Class Members shall be conclusively determined to have given a release of any and all Released Class Claims for the Class Period against the Released Parties, as set forth in the Settlement Agreement and Notice.

15.    The Court hereby enters Judgment by which as of the Effective Date and full funding of the Gross Settlement Amount, PAGA Employees shall be conclusively determined to have given a release of any and all Released PAGA Claims for the PAGA Period against the Released Parties, as set forth in the Settlement Agreement and Notice.

16.    It is hereby ordered that Defendant shall fund the Gross Settlement Amount pursuant to the Settlement Administrator's wire instructions within thirty (30) calendar days following the Effective Date, in accordance with the Settlement Agreement.

17.    It is hereby ordered that the Settlement Administrator shall distribute Individual Settlement Payments to Settlement Class Members and Individual PAGA Payments to PAGA Employees within fourteen (14) calendar days following the funding of the Gross Settlement Amount, according to the methodology and terms set forth in the Settlement Agreement.

18.    It is hereby ordered that any and all Individual Settlement Payment checks issued to Settlement Class Members and any and all Individual PAGA

Payment checks issued to PAGA Employees that are not cashed, deposited, or otherwise negotiated within one hundred eighty (180) calendar days from the date of their mailing will be cancelled and the funds associated with such cancelled checks will be transmitted to the *cy pres*, Los Angeles Legal Aid Foundation.

19. After entry of this Final Approval Order and Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Settlement Agreement and this Final Approval Order and Judgment, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

20. Individualized notice of this Final Approval Order and Judgment is not required to be provided to Class Members and PAGA Employees. A copy of this Final Approval Order and Judgment shall be posted on the Settlement Administrator's website, which is accessible to Class Members and PAGA Employees, for a period of at least sixty (60) calendar days after the date of entry of this Final Approval Order and Judgment.

**IT IS SO ORDERED.**

DATE: December 20, 2022

Michael W. Fitzgerald
Judge of the United States District Court